## MARSHALL ETC. CO. v. PITTSB. TRACTION CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO 1 OF ALLEGHENY COUNTY.

Argued October 27, 1890—Decided November 10, 1890.

(*a*) A construction company became bound to construct and put into place, for a traction street-railway company, the iron work and appliances for the curves, as per drawings and specifications, at a certain price per linear foot on the centre line of the track.

(*b*) After the work was begun, a change was made in the plans by which three curves, at a certain point, were made practically into one, by lengthening the radii and placing lighter and less complicated castings between the boxes described in the specifications:

1. In an action for the price of the work, it was not error to instruct the jury that the plaintiff could recover for the filling pieces only their actual value, "unless when the change was made there was an agreement, express or implied, that it was part of the curved work to be paid for at the contract price."

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 12 October Term 1890, Sup. Ct.; court below, No. 769 December Term 1888, C. P. No. 1.

On December 1, 1888, service was had in an action of assumpsit brought by the Marshall Foundry and Construction Co., Limited, against the Pittsburgh Traction Company, to recover a balance of $35,922.64, claimed to be due to the plaintiffs for work done for the defendant company.

At the trial on September 18, 1889, it was made to appear

Statement of Facts.

that on June 23, 1887, the plaintiffs submitted to the defendant company the following proposal:

" Gentlemen : We propose to furnish and erect in place the iron work of the curves on your road, including one grip-hatch at each end of each curve, as per your drawings and specifications, placing them in such positions and at such times as your engineer may direct, and properly connecting the same with main track, for the sum of $33.74 per linear foot, measured through the centre of track from out to out of grip-hatch."

This proposal was accepted by the defendant company on July 2, 1887. There was evidence that before the proposal was made drawings were submitted, showing the detailed plans of grip-hatches and iron curve-work. There was no ground plan, but the parties agreed that it was understood that the curves were to be formed by connecting the requisite number of boxes end to end bolted together, with a grip-hatch at each end connected with the main track. The box was a large cast-iron box with expensive machine work inside it. The weight of the box alone was about 3000 lbs.; with the curve and machinery alone, 4000 lbs. There were to be a number of curves at different points on the route. The price was fixed per foot, because the exact amount required could not be determined at the time the bids were asked.

After plaintiffs had commenced work, a change was made in the curves at Soho Hill, by which the curves were lengthened and three curves made practically into one. This was accomplished by lengthening the radii; and, instead of placing the boxes together, they were separated and placed four and one half feet apart, with lighter and less complicated castings between them.

The plaintiffs did the entire work as required by defendant, and, so far as appeared, entirely to its satisfaction. They claimed to be paid for the whole work, at the contract price of $33.74 per foot. The defendant, however, claimed that they were entitled only to the contract price for the boxes constructed in accordance with the drawings furnished, and for the hatches and filling pieces, their actual value.

At the close of the testimony, the court, SLAGLE, J., charged the jury in part as follows :

Charge of Court below.

[If this contract was simply for these boxes put in solid curves, that is, fastened, one joining the other so as to make a solid curve of boxes, then the first question comes, was there any change made in it? That is beyond dispute; there was a change made, and, instead of putting the boxes together, they were separated and pieces four and one half feet long put between them. In the first place, was that a material change? That is a question for you and not for the court. The model is before you; the testimony in relation to how it was made, and how it was put in, the differences between the boxes and the filling pieces have all been given. Was that a material change from the contract? Or, was it such as would come under, not the word "curves," but the terms "iron work of the curves according to plans and specifications?" If it is substantially the same thing, then they would be entitled to be paid as of the original contract. If not, they are only entitled to receive pay according to its actual value, fair market value at the time.] [5] . . . .

The court is requested by defendant's counsel to charge:

1. That if the jury believe the defendant company, at the time plaintiffs made their proposal for the iron work of the curves for defendant's road, had in contemplation the construction of three comparatively short curves on Fifth Avenue, between Craft Avenue and Short street; that said curves were to be solid curves, composed of the heavy cast-iron boxes, with machinery therein and a cover thereon, which boxes were to be laid one close up against the other, and that plans, showing such curves, so constructed, were the only plans shown to plaintiffs, and the only plans upon which their bid was made and accepted by the defendant company; and, if the jury believe that the defendant company afterwards, with the plaintiffs' assent, changed the plans for the construction of said curves so that, instead of having three comparatively short curves between Craft Avenue and Short street, with the heavy cast-iron boxes laid up one against the other, there should be between said points practically but one continuous curve with the heavy cast-iron boxes placed, not one up against the other, but four and a half feet apart, with filling pieces in the intervening spaces, and that said filling pieces were not contemplated when plaintiffs' proposal was made and accepted, and not

Opinion of the Court.

shown in the plans upon which they bid, plaintiffs can recover at the contract rate only for the cast-iron boxes, but for the filling pieces are entitled simply to what at the time they were furnished would be a fair price for said filling pieces, finished and erected in place, but no more."

Answer: The proposition is affirmed, unless when such change was made there was an agreement expressed or implied, that it should be regarded as part of the curved work to be paid for at the contract price.[1]

—The jury returned a verdict in favor of the plaintiffs for $33,000. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, assigning for error, inter alia:

1. The answer to the defendant's point.[1]

5. The portion of the charge embraced in [ ] [5]

*Mr. Geo. C. Wilson* (with him *Mr. F. M. Magee*), for the appellant.

Counsel cited: Swank v. Phillips, 113 Pa. 482; Citizens Pass. Ry. Co. v. Ketcham, 122 Pa. 228; Selser v. Roberts, 105 Pa. 242.

*Mr. Thos. C. Lazear* (with him *Mr. C. P. Orr*), for the appellees.

Counsel cited: Jones v. Woodbury, 11 B. Mon. 169; Miller v. McCaffrey, 9 Pa. 245; Early v. Peters, 5 Mo. App. 262; Reading v. Gray, 31 N. Y. Sup. Ct. 79; Mercer M. & M. Co. v. McKee, 77 Pa. 170; Lehigh C. & N. Co. v. Harlan, 27 Pa. 429.

Per Curiam:

We find no error in the answer of the court below to the defendant's first point. The point was affirmed with a qualification which was fully justified by the evidence. There is little else in the case but a question of fact, which we think was fairly submitted to the jury.

Judgment affirmed.